IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION OPINION
John E. Gribben filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying him compensation for impaired earning capacity ("IEC") under former R.C. 4123.57(B) and which compels the commission to issue a new order granting the compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which includes a recom-mendation that no writ of mandamus be granted.
Counsel for Mr. Gribben has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
Mr. Gribben was injured in October of 1984. His workers' compensation claim was recognized for wrist, elbow and lumbar spine conditions. In November of 1999, he applied for a determination of permanent partial disability ("PPD").
The Ohio Bureau of Workers' Compensation ("BWC") made an initial determination of PPD. Mr. Gribben appealed that determination and also filed an election to receive his PPD award in the form of IEC compensation.
In September of 2000, a district hearing officer ("dho") awarded thirty-four percent PPD but refused IEC compensation because the dho found evidence insufficient to allow for a determination of Mr. Gribben's post-injury earning capacity.
Mr. Gribben appealed again and provided a report from Beal Lowe, Ph.D., to provide information about Mr. Gribben's earning capacity. The report was heavily dependent upon Mr. Gribben's recollection of his earnings in 1984 and Mr. Gribben's current claims about his earnings as a self-employed installer of windows, doors and awnings.
In October of 2000, a staff hearing officer ("sho") affirmed the findings of the dho. The sho relied upon Mr. Gribben's average weekly wage ("AWW") as an accurate reflection of Mr. Gribben's pre-injury earning capacity, not Mr. Gribben's claim of a higher figure. The sho also found that Mr. Gribben's claim that his earning capacity had been impaired was not a proven claim, given that lack of tax returns and other proof to support Mr. Gribben's allegation about his present earning capacity.
Mr. Gribben appealed once more and provided income tax information from 1985 to 1994, but not from 1995 on. The commission refused further appeal.
The magistrate found that Mr. Gribben had not really proved his recent earning capacity because the commission was within its discretion to reject the compensation computation of Dr. Lowe. We agree.
Dr. Lowe's computations are heavily dependent upon Mr. Gribben's claims about his recent earning capacity. Mr. Gribben was running a company which did the same work Mr. Gribben had done when he was injured. Sometimes Mr. Gribben worked with his work crews and sometimes Mr. Gribben did not. Mr. Gribben claimed that the company's, and hence his, income went down when he was not involved in the actual work. Supposedly, the reduction in income was because the work crews did not work as hard or did not work as effectively when Mr. Gribben was not engaged in hands-on labor.
Nothing in the evidence before us demonstrates that Mr. Gribben is not physically capable of supervising work crews whenever he chooses to do so. Further, Mr. Gribben's physical challenges do not impact upon his ability to decide who to hire to work for him.
In short, the record before us supports the commission's determination regarding IEC compensation.
We overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision and refuse to issue the requested writ of mandamus.
Objections overruled; writ denied.
PETREE, J., and BRYANT, P.J., concur.